UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO MARTINEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>THE TORO COMPANY,<br><br>    Defendant. | Case No. 25-cv-08212-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 10 |

    The motion to dismiss is granted with leave to amend. This ruling assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

    Although Martinez does not have to allege specific dates or identify a precise occasion on which he worked overtime, at a minimum, his complaint must "connect the dots between the employer's alleged policy and the employee's schedule." *See Stewart-Alexander v. Saks & Company*, 2021 WL 3201380, at *1 (N.D. Cal. July 29, 2021); *see also Landers v. Quality Communications Inc.*, 771 F.3d 638, 646 (9th Cir. 2014), *as amended* (Jan. 26, 2015). From Martinez's complaint, it is difficult to make out what Martinez's role at the Toro Company was, let alone what his schedule was or how the company's policies resulted in him working overtime without compensation and missing meal and rest periods. Martinez's derivative claims for waiting time penalties, wage statement violations, and the UCL claim similarly fail because the underlying wage claims are deficient.

    Martinez's claim for reimbursement is also not adequately pled because he does not state what employment-related expenses he incurred that The Toro Company allegedly failed to reimburse.

Finally, Martinez's records request claim is not adequately pled. Although it would not be appropriate to dismiss this claim on statute of limitations grounds as the company urges (because the statute of limitations provides an affirmative defense that a plaintiff need not plead around in the complaint), the claim does not describe how The Toro Company failed to comply with Martinez's request and whether it ignored or formally denied that request. *See Lopez v. Wendy's International, Inc.*, 2011 WL 6967932, at *11 (C.D. Cal. Sept. 19, 2011) (dismissing records request claim because allegations "merely mirror[ed] the language of the statute" and was not "supported by factual allegations").

Dismissal is with leave to amend. Any amended complaint is due within 21 days of this order, and a response from The Toro Company is due 14 days thereafter.

**IT IS SO ORDERED.**

Dated: December 22, 2025

VINCE CHHABRIA
United States District Judge